By the Court.
Duer, J.
We entirely agree with the counsel for the defendant, that a defendant has a right to consider the complaint which is served upon him, or his attorney, as that alone which he is required to answer, and that it is upon the issues raised by his answer to this complaint that the cause is to be tried. It is therefore undoubtedly true that there was a variance between the proof upon the trial, the note read in evidence, and -the allegations in the complaint, and we incline to the opinion, that this variance before the Code, and notwithstanding the pro-' *451 vision in the Bevised Statutes to which we were referred, would have been regarded as fatal; but this is a question which the wise and liberal provisions of the Code have relieved us from the necessity of considering.
By the express words of the Code, no variance between the allegations in a pleading, and the proof, can now be deemed material, unless it is proved to the satisfaction of the court that the adverse party was actually misled in maintaining his action or defence, (§ 169,) upon the merits, or unless the allegation, to which theN proof was directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning, in which last case only is the variance to be treated as a failure of the proof necessary to be given to sustain the action or defence (§ 171).
It is not pretended, in the present case, that the defendant was misled, and indeed it would be absurd to suppose that he was so. He knew that the note which he had given was payable four months after its date; and that the substitution of the word “ three” was a clerical mistake, was apparent on the face of the complaint, which demanded interest from the expiration, not of three, but of four months, from the date of the note. It was, therefore, upon a ground purely technical that the Judge was required to dismiss the complaint, and it is certain, that unless the variance amounted to a failure of proof, it would have been a signal error to have complied with the request.
But it is impossible to say that a variance, which left the material allegation in the complaint of the purport of the note, unproved in a singular particular only, and not in its entire scope and meaning, was a failure of proof, unless § 191 can be expunged from the Code, or its manifest intent be wholly disregarded. It may be quite true that as the law formerly stood, a contract specially set forth in a declaration or plea was, in all cases, necessary to be proved upon the trial, in the exact form in which it was laid in the pleading, but this was one of those technical rules, too frequently “ strangling justice in the net of form,” which the Code was designed to abolish, and, in our judgment, has effectually abolished.
In the case of Catlin v. Gunter* recently decided in the Court *452 of Appeals, an usurious agreement that was offered to be proved upon tbe trial, differed not in one, but in every particular, from tbat set forth in tbe answer, but as tbe variance, in tbe opinion of tbe court, did not change tbe entire scope and meaning of tbe de-fence, it was held, tbat it ought to have been deemed immaterial, and upon tbat ground, tbe judgment of this court was reversed, and a new trial ordered. •
Tbat tbe far slighter variance in tbe case before us was properly disregarded on tbe trial, we cannot doubt, and tbe judgment appealed from must therefore be affirmed, with costs.
Judgment accordingly.

 How reported, (1 Kernan, 368.)